THOMAS CUSACK *v.* THEODORE E. TOMLINSON.

In a proceeding under the mechanics' lien law, by an employee of a sub-contractor, to foreclose a lien, claimed by such employee, against the owner, such sub-contractor is a competent witness for the owner to defeat a recovery.

Whether, however, under the act of 1851, the employee of a sub-contractor can acquire a lien? *Dub.*

GENERAL TERM, FEBRUARY, 1854. (*a*)

THE defendant in this suit was the owner of certain buildings in the city of New York. The plaintiff obtained a judgment against him, in the marine court, upon proceedings to foreclose a lien claimed to have been acquired by the plaintiff, for work done upon the houses as a carpenter, under an agreement with a sub-contractor, who was employed by the contractor. The sub-contractor was offered as a witness for the defence, and was excluded by the justice, on the ground that the suit was defended for his benefit. The defendant appealed.

*D. T. Walden, Jr.,* for the appellant. ·

*M. Doheny* and *T. H. Hurley,* for the respondent.

BY THE COURT. WOODRUFF, J.—I very much incline to the opinion, that the decision in *Wood* v. *Donaldson,* (17 Wend. 550, and 22 Wend. 395,) must be applied to the lien law of

---

(*a*) The questions raised in this case were subsequently brought before the court again, in *Coolahan* v. *Tomlinson,* decided in April, 1854, and were disposed of in a brief opinion, referring to the decision here.

1851, and that the employee of a sub-contractor cannot acquire a lien. The reasoning of the court in that case will apply with equal, if not greater force, to the act of 1851, than to the acts of 1830 and 1832, under which that case arose. But I do not deem it necessary to the determination of this appeal, to express a decided opinion.

The court below improperly rejected the testimony of the sub-contractor, Scott, when offered by the defendant. It did not, and could not, from any thing disclosed on the trial, appear that the suit was defended for his immediate benefit, and it is not clear that he was even interested to defeat a recovery.

If the plaintiff recovered, the recovery paid Scott's debt. If the plaintiff did not recover, the liability of Scott to the plaintiff was not affected by this proceeding.

If the action was defeated by showing that nothing was due to Scott, or by proof that nothing was due from the defendant, then any evidence of Scott, to establish these defences, was against his interest; and if it was defeated by proof that nothing was due to the plaintiff, still the result would not bar the plaintiff in an action against Scott, if brought about by the testimony of Scott himself.

On this ground, I am clear, that the judgment must be reversed.

Judgment reversed.